# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY S. KOCH, | CASE NO. 1:09-cv-00116-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR ISSUANCE OF PRELIMINARY |
| v. | INJUNCTION, WITHOUT PREJUDICE |
| DR. JEFFERY NEUBARTH, et al., | (Docs. 6-9) |
| Defendants. | |

Plaintiff Rodney S. Koch is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 20, 2009. In a separate order, the Court found that Plaintiff's complaint states claims against Defendants Neubarth, Hasadsri, McGuinness, and Loadholt for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, and against Defendant Hasadsri for retaliation in violation of the First Amendment. The Court ordered the Clerk's Office to issue service documents to Plaintiff, and upon completion and return of the service documents, the United States Marshal will be directed to initiate service of the summonses and complaint on Defendants.

On February 17, 2009, Plaintiff filed a proposed order to show cause why a preliminary injunction should not issue, which included a memorandum of points and authorities, and a separate supporting declaration. (Docs. 6, 7.) On March 2, 2009, Plaintiff filed s supplemental motion seeking the issuance of a preliminary injunction, and a supporting declaration. (Docs. 8, 9.) Plaintiff's claims arise from Defendants' failure to provide him with effective treatment for his significant and chronic pain, which is the result of severe muscle and nerve damage following

surgery for a gunshot wound. Plaintiff seeks a court order mandating that the California Department of Corrections and Rehabilitation provide him with access to a physician other than Defendants Neubarth, Hasadsri, and McGuinness.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). Further, a mandatory preliminary injunction such as that sought by Plaintiff in the instant motion "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993). Plaintiff's motion is not accompanied by any evidence and because Plaintiff is not a medical expert, he is not qualified to render an opinion that he has medical needs which require immediate treatment. Because Plaintiff has not supported his motion with any admissible evidence relating to his medical needs, he has not met his burden and his motion must be denied.

///
///
///
///

2

1 | Accordingly, Plaintiff's motions for preliminary injunctive relief, filed February 17, 2009, and March 2, 2009, are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   March 27, 2009**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE