# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY S. KOCH, | CASE NO. 1:09-cv-00116-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | (Doc. 24) |
| DR. JEFFERY NEUBARTH, et al., | |
| Defendants. / | |

Plaintiff Rodney S. Koch, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 20, 2009. This action is proceeding against Defendants Neubarth, Hasadsri, Loadholt, and McGuinness for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, and against Defendant Hasadsri for retaliation in violation of the First Amendment.

On September 14, 2009, Plaintiff filed a motion seeking a preliminary injunction prohibiting Defendant Neubarth, who is a physician, from interfering with medications prescribed by other doctors, and from being involved in Plaintiff's medical care during the pendency of this litigation due to retaliatory conduct. Defendants did not file a response.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is

immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Assuming the jurisdictional requirements are met, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

This action is proceeding against Defendant Neubarth on Plaintiff's claim that in 2006 and 2007, Neubarth acted with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. The case or controversy pending before the Court arises from Neubarth's past conduct rather than from ongoing actions or omissions, precluding a finding that there is a case or controversy before the Court with respect to Plaintiff's current medical care at the hands of Neubarth.

Further, Plaintiff has not demonstrated the likelihood of success on the merits or the likelihood of irreparable harm.[1] Winters at 374. Plaintiff's disagreement with Neubarth's treatment decisions does not support a finding that a constitutional violation is occurring, Franklin v. Oregon,

---

[1] The first two factors not having been met, the Court does not reach the second two factors.

2

1  662 F.2d 1337, 1344 (9th Cir. 1981), and a difference of opinion between Neubarth and other
2  treating physicians does not support a finding that a constitutional violation is occurring, <u>Sanchez</u>
3  <u>v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).  Plaintiff has offered no admissible evidence
4  demonstrating that Neubarth's course of treatment is "medically unacceptable under the
5  circumstances . . . and . . . that [he] chose this course in conscious disregard of an excessive risk to
6  [P]laintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations
7  omitted).

8  Although Plaintiff submitted medical records in support of his motion, the Court is not in the
9  position, on its own, to determine what an appropriate course of treatment is for Plaintiff's medical
10 problems, or to determine whether Neubarth's medical decisions fall short of an appropriate course
11 of treatment.  When the issue involves medical decisions, as it does here, the parties must support
12 their respective positions with the use of experts' opinions.  Therefore, the Court finds that Plaintiff
13 has not met his burden as the party moving for relief.

14 For the foregoing reasons, Plaintiff's motion for a preliminary injunction, filed September
15 14, 2009, is HEREBY DENIED.

17 IT IS SO ORDERED.

18 **Dated:   November 17, 2009**             <u>     /s/ Sandra M. Snyder     </u>
                                              UNITED STATES MAGISTRATE JUDGE

3