UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY S. KOCH, | CASE NO. 1:09-CV-00116-SMS (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT |
| D. JEFFREY NEUBARTH, | (Doc. 35) |
| Defendant. | |

Plaintiff, Rodney S. Koch, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's Complaint against Defendants Dr. Neubarth, Dr. Hasadsri, Dr. McGuinness, and Loadholt for deliberate indifference to Plaintiff's serious medical needs in violation of the Eight Amendment, and against Dr. Hasadsri for retaliation in violation of the First Amendment.

On April 28, 2010, Plaintiff filed a motion seeking leave to supplement the Complaint to add factual allegations against Defendant Dr. Neubarth as to Dr. Neubarth's ongoing deliberate indifference to Plaintiff's chronic medical care and interference with Plaintiff's chronic pain management treatment as ordered by another doctor. Defendants did not file a response.

Rule 15(d) provides that "upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff filed this action on January 20, 2009 and

seeks to add continuing factual allegations as to his claims against Defendant Dr. Neubarth.  For the reasons set forth below, 42 U.S.C. § 1997e(a) precludes Plaintiff from supplementing his complaint to add a claims against Defendant Dr. Neubarth.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)).

In light of section 1997e(a), Plaintiff may not add to his claim against Defendant Dr. Neubarth that arose after this suit was filed.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor).  Even though Plaintiff avers that he has exhausted the available administrative remedies on his new factual allegations against Dr. Neubarth, allowing Plaintiff to supplement his complaint to add a new allegations against Dr. Neubarth would allow Plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur *prior* to filing suit -- not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

/ / /

/ / /

/ / /

/ /

Based on the foregoing, Plaintiff's motion seeking leave to file a supplemental complaint filed March 15, 2010, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:**   **May 3, 2010**                             /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE